UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI,<br><br>*Petitioner*,<br><br>v.<br><br>NATHANIEL A. SMITH AND YOLANDA TAYLOR,<br><br>*Respondents,*<br><br>and<br><br>HOUSEHOLD FINANCE CORPORATION II, FORD MOTOR CREDIT COMPANY LLC, AND UNITED STATES INTERNAL REVENUE SERVICE,<br><br>*Parties-in-Interest.* | CIVIL ACTION NO. 21-cv-11445 |

## COMPLAINT

Petitioner, Citibank, N.A., not in its individual capacity, but solely as Trustee for NRZ Pass-Through Trust VI, brings this action against Respondents and Parties-in-Interest seeking judgment (i) declaring and confirming Petitioner as the lawful owner and holder of a certain promissory note secured by real property located at 9 Tucker Terrace in Randolph, Massachusetts (the "Property"), entitled to enforce its terms; and (ii) authorizing and approving Petitioner's foreclosure of the subject mortgage by entry and possession. In further support of this action, Petitioner alleges as follows:

## PARTIES

1. Petitioner, Citibank, N.A., not in its individual capacity, but solely as Trustee for NRZ Pass-Through Trust VI ("Petitioner") is a national bank with its main office located in New York, New York.

2. Respondent, Nathaniel A. Smith ("Smith") is an individual residing at 9 Tucker Terrace, Randolph, Massachusetts.

3. Respondent, Yolanda Taylor ("Taylor") is an individual residing at 9 Tucker Terrace, Randolph, Massachusetts.

4. Party-in-Interest, Household Finance Corporation II ("Household") is a Delaware corporation with a Registered Agent located at The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware.

5. Ford Motor Credit Company LLC is a Delaware limited liability company with a principal place of business located at 1 American Road, Dearborn, Michigan, and a Registered Agent located at CT Corporate System, 155 Federal Street, Suite 700, Boston, Massachusetts.

6. Party-in-Interest, the Internal Revenue Service ("IRS") is a bureau of the Department of Treasury with its main office located in Washington, D.C.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action involving Petitioner's right, title and interest in the subject property as there is complete diversity between Petitioner and Respondents pursuant to 28 U.S.C. § 1332(a) and the amount in controversy exceeds the sum or value of $75,000.00 based on the outstanding principal balance due on the loan of $151,710.32 and the fair market value of the encumbered property of $245,000.00.

8. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b)(1) as Respondents reside in Randolph, Massachusetts, and the subject property is located in Randolph, Massachusetts.

**FACTUAL BACKGROUND**

**A.**     **The Note and Mortgage**

9. Smith and Taylor acquired the real property known as 9 Tucker Terrace, Randolph, Massachusetts ("Property") on or about December 14, 1999 via quitclaim deed recorded at the Norfolk County Registry of Deeds ("Registry") in Book 13906, Page 212.

10. On or about September 25, 2002, Smith and Taylor executed a Loan Repayment and Security Agreement in favor of Household in the principal amount of $253,367.59 ("Note"). A true and accurate copy of the Note is attached hereto as *Exhibit A*.

11. To secure their obligations under the Note, Smith and Taylor executed a Mortgage dated September 25, 2002, in favor of Household ("Mortgage") (the "Mortgage" and "Note" are jointly referred to hereinafter as the "Loan"). The Mortgage was recorded at the Registry on September 27, 2002 in Book 17281, Page 464, and a true and accurate copy is attached hereto as *Exhibit B*.

12. On October 23, 2014, Lori K. Washington, Vice President and Assistant Secretary of the Administrative Services Division of Household, executed a Lost Note Affidavit ("Affidavit"). The Affidavit provided that Household conducted a diligent search for the original Note, including "looking in the physical files and secure storage facilities where the original Note and other documents related to [this account] are maintained." Despite this diligent search, the original Note could not be located. A true and accurate copy of the Affidavit is attached hereto as *Exhibit C*.

13.     On or about January 5, 2018, Jody Hall, as attorney-in-fact for Household, executed an Assignment of Mortgage, which conveyed Household's interest in the Mortgage to Petitioner ("Assignment"). The Assignment was recorded at the Registry on March 12, 2018, in Book 35846, Page 53, and a true and accurate copy is attached hereto as *Exhibit D*.

14.     Petitioner succeeded to all rights, title and interest in the Loan.

15.     Fay Servicing, LLC ("Fay") is the current servicer of the Loan for Petitioner.

16.     Smith and Taylor defaulted on their monthly payment obligations under the Loan in or about January of 2017.

17.     A notice of default letter was mailed to Smith and Taylor on or about March 17, 2017 by Household, a true and accurate copy of which is attached as *Exhibit E*.

**B.      The Other Encumbrances on the Property**

18.     On or about June 17, 2004, Household recorded a junior mortgage at the Registry in Book 21173, Page 101, securing a $25,000.00 loan. A true and accurate copy of this junior mortgage is attached as *Exhibit F*.

19.     On or about August 1, 2007, Ford Motor Credit Company LLC recorded an Execution on Money Judgment against the Property at the Registry in Book 25049, Page 121, securing an execution total of $10,761.77. A true and accurate copy of the Execution is attached hereto as *Exhibit G*.

20.     On or about December 9, 2008 the IRS recorded a Notice of Federal Tax Lien against the Property at the Registry in Book 26189, Page 7, securing the lien amount of $18,942.27. A true and accurate copy of the Tax Lien is attached hereto as *Exhibit H*.

## COUNT I – FOR DECLARATORY JUDGMENT ESTABLISHING PETITIONER AS THE LAWFUL OWNER AND HOLDER OF THE NOTE
## (AGAINST HOUSEHOLD, SMITH AND TAYLOR)

21. Petitioner hereby incorporates paragraphs "1" through "20" above as if fully set forth herein.

22. The terms of the Note can be established by a copy of the Note attached hereto as *Exhibit A*, signed by Smith and Taylor.

23. Household had physical possession of the Note.

24. On October 23, 2014, despite diligent search, Household was unable to determine the whereabouts of the original Note. Accordingly, Household executed the Affidavit attached hereto as *Exhibit C*.

25. The loss of possession of the Note was not the result of transfer to another person or entity.

26. On or about January 5, 2018, Household transferred a copy of the Note, Mortgage and Affidavit to Petitioner.

27. Petitioner cannot reasonably obtain possession of the Note because the Note was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

28. Based on the foregoing, no party other than Household or Petitioner can enforce the terms of the Note and Mortgage.

29. Household was in possession of the original Note at the time it was lost.

30. Petitioner is pursuing relief to enforce the terms of the Loan on a lost or missing promissory note as agent for Household.

31. Based on the foregoing, Petitioner seeks a judgment determining and confirming the terms of the Note as set forth in *Exhibit A* attached hereto.

32. Based on the foregoing, Petitioner seeks an order determining the form of adequate protection due to Smith and Taylor against any loss that may occur by reason of a claim by another to enforce the Note.

## COUNT II – TO FORECLOSE MORTGAGE
## (AGAINST ALL PARTIES)

33. Petitioner hereby incorporate paragraphs "1" through "32" above as if fully set forth herein.

34. Petitioner is the lawful owner and holder of the Note entitled to enforce its terms despite its lack of possession of the original Note, which has been lost or mislaid.

35. Petitioner is the lawful holder of the Mortgage encumbering the Property pursuant to the Assignment recorded in the Registry.

36. Party-in-Interest Household is the only other entity, which ever had an interest in the Note and Mortgage, which it transferred to Petitioner.

37. There has been a breach of condition of the Mortgage as Smith and Taylor failed to make monthly payments in accord with the Loan terms.

38. In compliance with Massachusetts law, Petitioner Household caused a notice of default to be mailed to Smith and Taylor on or about March 17, 2017.

39. Smith and Taylor failed to cure the default.

40. Petitioner complied with all applicable terms of the Mortgage, including the appropriate regulations of the Secretary of the HUD.

41. The unpaid principal balance due to Petitioner under the terms of the Note and Mortgage is $151,710.32, plus accrued interest, late charges, and expenses, which include amounts advanced by Fay to pay taxes and water and sewer fees on the Property.

42. Petitioner declares the full amount payable under the Note and Mortgage to be due.

43. Smith and Taylor are not in the military service within the meaning of the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, et seq.

44. Based on Smith and Taylor's breach of a condition of the Mortgage, Petitioner is entitled to an order authorizing and approving the foreclosure of the Mortgage.

WHEREFORE, Petitioner, Citibank, N.A., not in its individual capacity, but solely as Trustee for NRZ Pass-Through Trust VI, respectfully requests that this Court enter judgment:

A. Declaring Petitioner the lawful owner and holder of the Note;

B. Declaring that despite Petitioner's diligent search, the original Note has been lost or mislaid and that the terms of the lost Note are established as set forth in the copy of the Note proffered by Petitioner and attached to this Complaint as *Exhibit A*;

C. Declaring that Petitioner is entitled to enforce the Note despite its lack of possession of the original Note, which has been lost or mislaid;

D. Determining the form of adequate protection to be provided to Smith and Taylor so as to permit Petitioner to enforce the terms of the Note;

E. Declaring that Smith and Taylor breached a condition of the Mortgage;

F. Declaring that Smith and Taylor are not entitled to the benefits of the Servicemembers Civil Relief Act;

G. Declaring that Petitioner is the holder of the Note and the holder of the Mortgage and is entitled to enforce the terms, conditions and remedies provided for in those instruments;

H. Authorizing and approving the foreclosure of the Mortgage relating to the real property known as 9 Tucker Terrace, Randolph, Massachusetts, Randolph, Massachusetts; and

I. Grant such further relief as the Court deems just and appropriate.

Respectfully submitted,

CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI
By: Its Attorneys

 */s/ Donald W. Seeley Jr.*
Samuel C. Bodurtha, BBO #665755
Donald W. Seeley, Jr., BBO #663568
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001
sbodurtha@hinshawlaw.com
dseeley@hinshawlaw.com

Dated:    September 2, 2021

1044280\308939150.v1