# EXHIBIT C

## LOST NOTE AFFIDAVIT

_Loui H. Washington_, being of lawful age and being first duly sworn on oath, states and deposes as follows:

1. I am a Vice President and Assistant Secretary of the Administrative Services Division of Household Finance Corporation II ("Lender"). I am over the age of eighteen years, and I am authorized to make this Affidavit on behalf of the Lender.

2. In the regular performance of my job functions, I have access to and am familiar with business records maintained by the Lender for the purpose of storing and maintaining documents related to the loans originated by or transferred to the Lender, including original promissory notes and/or loan agreements. The Lender maintains business records for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents, and others) are: (a) made at or near the time of the occurrence of the matters set forth by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records; and (b) kept as a regular practice and in the ordinary course of business conducted by the Lender. It is the regular practice of the Lender to make and receive such records. I make this Affidavit based upon personal knowledge that I obtained through the review of and in reliance upon those business records concerning the loan described below.

3. I am making this Lost Note Affidavit in connection with a promissory note and/or loan agreement ("Note"), bearing the date of September 25, 2002, in which Nathaniel A. Smith and Yolanda Taylor, promised to pay the Lender the sum of $253,367.59 (the "Loan"). The Loan is identified as Account Number ▮▮▮▮ ("Account ▮▮").

FI.LNA (Owner)                                                                 05AUG11ver2.1

4. On or about the date on which this Affidavit was executed, a diligent search for the original Note was conducted. This search included looking in the physical files and secure storage facilities where the original Note and other documents related to Account ▮▮▮ are maintained.

5. After conducting the search described in paragraph 4 above, the original Note could not be located. Therefore, the Lender cannot reasonably obtain possession of the original Note because the whereabouts of the original Note cannot be determined, although the Lender was in possession of the original Note prior to its whereabouts becoming undeterminable.

6. An imaged copy of the original Note for the Loan is contained on the imaging system maintained by the Lender.

7. The records maintained by the Lender also establish that the Note was not paid, satisfied, pledged, transferred or lawfully seized.

8. The imaged copy of the original Note for the Loan is attached hereto as Exhibit 1, and contains the pertinent terms of the Note.

/

/

/

/

/

/

/

/

/

9. Lender hereby agrees to hold the Borrowers harmless and agrees to indemnify them from any loss they may incur by reason of a claim by another person or entity to enforce the Note.

FURTHER AFFIANT SAYETH NOT.

By: _____
Signature of Affiant

_____
Printed Name of Affiant

On behalf of Household Finance Corporation II ("Lender")

Its: _____
Affiant's Title        **Vice President and Assistant Secretary**
                       **Administrative Services Division**

STATE OF FLORIDA)
                ) ss.
COUNTY OF HILLSBOROUGH)

Sworn to (or affirmed) and subscribed before me this 23 day of October 2014, by Lori K Washington _____ (Name of Affiant), personally known to me to be the person who executed this Affidavit on behalf of the entity therein named.

WITNESS my hand and official seal

_____
(Signature of Notary Public)

SEAL OR STAMP

_____
(Print, type or stamp commission name of Notary Public)

VICTORIA M. ESCOBAR
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF146914
Expires 8/9/2018

My Commission Expires:
8/9/18

FL LNA (Owner)                              3                              05AUG11ver2 1

# LOAN REPAYMENT AND SECURITY AGREEMENT (Page 1 of 3)

**LENDER** (called "We", "Us", "Our")
HOUSEHOLD FINANCE CORPORATION II
250 GRANITE STREET
S SHORE PLAZA MALL/#1903
BRAINTREE MA 02184

**BORROWERS** (called "You", "Your")    **LOAN NO:** ███
SMITH, NATHANIEL A
SS# ███
TAYLOR, YOLANDA
SS# ███
9 TUCKER TERRACE
RANDOLPH MA 02368

| DATE OF LOAN | FIRST PAYMENT DUE DATE | OTHERS | SCHEDULED MATURITY DATE | CONTRACT RATE (per year) |
|---|---|---|---|---|
| 09/25/2002 | 10/25/2002 | SAME DAY OF EACH MONTH | 09/25/2032 | 10.159 % |

| AMOUNT FINANCED | PRINCIPAL | OFFICIAL FEES |
|---|---|---|
| $ 234,998.44 | $ 263,367.59 | $ .00 |

| POINTS |
|---|
| $ 18,369.15 |

| LIFE INS PREMIUM | DISABILITY INS PREMIUM |
|---|---|
| $ NONE | $ NONE |

| FIRST INSTALLMENT | MONTHLY INSTALLMENT | TERM PERIOD | PREPAYMENT PENALTY |
|---|---|---|---|
| $ 2,253.34 | $ 2,253.34 | 360 | YES |

YOU ARE GIVING US A SECURITY INTEREST IN THE REAL ESTATE LOCATED AT THE ABOVE ADDRESS.

---

**REQUIRED INSURANCE.** You must obtain insurance for term of loan covering security for this loan as indicated by the word "YES" below, naming us as Loss Payee:

YES    Title insurance on real estate security.
YES    Hazard insurance on real estate security.

You may obtain any required insurance from anyone you choose and may assign any other policy of insurance you own to cover the security for this loan.
(See "Security" paragraph above for description of security to be insured.)

**NOTICE: THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.**

05-06-02
1ST RE OPT PPP

MAB652A1

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 2 of 3)

PAYMENT. In return for this loan, you agree to pay us the Principal [Amount Financed and Points (all shown on page one)] plus Interest in monthly payments as stated on page one, computed by the simple interest method on the unpaid balances of Principal at the Contract Rate (shown on page one) plus any monthly insurance premium, if elected, until fully paid. You shall pay us monthly payments, at our business address or other address given you. If more than one Borrower is named on page one, we may enforce this Contract against all, or any Borrowers, but not in a combined amount greater than the amount owed. Payments are applied in the following order: late charges, interest at the Contract Rate for the actual time outstanding, principal, and insurance. For any past due amounts, payments will be applied to the most delinquent monthly installment first, in the same order shown above, until all past due monthly installments are paid in full.

ADJUSTMENT TO CONTRACT RATE. The Contract Rate, as shown on page one, will decrease by one half of one percent (.50%) at the end of the 3rd year (36th month), the 4th year (48th month) and the 5th year (60th month) (collectively the "Rate Reduction"), if all payments are made within 30 days of their due date, and you have not filed a petition under the U.S. Bankruptcy Code during the months preceding the Rate Reduction. The Rate Reduction will take effect no later than the first payment due date following the 36th, 48th, and 60th month anniversary dates from the date of the contract. Even if the rate is decreased, the monthly payment will not be adjusted, thus the total loan amount will be paid in full sooner than the final payment due date shown on page one, assuming all payments are made on their due date. Notwithstanding anything to the contrary in this paragraph, if, before any Rate Reduction, any payment is made more than 30 days after the due date, or you have filed a petition under the U.S. Bankruptcy Code, you will not receive the Rate Reduction following such event.

DATE ON WHICH INTEREST BEGINS. If you do not cancel this loan, the date on which Interest begins, payment dates, and effective date of insurance purchased are postponed by the number of days from this contract's date to date you receive this loan.

PAY-OUTS. You agree to pay-outs of Amount Financed as shown on Truth-In-Lending disclosure form. If pay-outs change because loan closing is delayed, (a) you shall pay additional amounts due at closing, or (b) your cash or check will be reduced to cover additional pay-outs.

PREPAYMENT. You may prepay any or all of your loan at any time. If the word "YES" is printed in the Prepayment Penalty box on page 1 of this agreement, you are subject to the Prepayment Penalty described below. If you fully pay before the final payment due date the amount you owe will be reduced by unearned credit insurance charges, if any. If you prepay before the final due date, Points are fully earned when this loan is made and you will not receive a refund of that part of the Finance Charge consisting of Points.

PREPAYMENT PENALTY. If "YES" is printed in the Prepayment Penalty box on page 1 of this agreement, you agree to the following prepayment penalty. If you prepay this loan in full within 36 months of the Date of Loan shown on page 1, by means other than refinancing with us, you will pay a Prepayment Penalty. The Prepayment Penalty is equal to the balance of the first year's interest or three months interest, whichever is less. If the loan is paid in full within 36 months of the Date of Loan, for the purpose of refinancing it with another financial institution, you will pay an additional charge equal to three months interest. If the first 24 monthly payments are paid in full each month within 30 days of their due date, we will waive any applicable prepayment penalty. No prepayment penalty will be imposed if you pay the entire outstanding balance of your loan as the result of the sale of the property securing the loan. You must provide us with documentation acceptable to us verifying the sale of the property.

LATE CHARGE. If you don't pay any payment (except final) in full within 15 days after it is due, you will also pay 3% of the unpaid amount of such payment.

SECURITY. There is a mortgage on your real estate, located at your address unless a different address is stated. You agree to give us a security interest in the real estate as described in the Mortgage/Deed of Trust.

PROPERTY INSURANCE:

A. YOUR OBLIGATION TO INSURE. You shall keep the structures located on the real property securing this loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is cancelled or expires while the loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below.

NOTICE: THE FOLLOWING PAGE CONTAINS ADDITIONAL CONTRACT TERMS.

05-06-02
1ST RE OPT PPP

MA8652A2

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 3 of 3)

B. LENDER'S RIGHT TO PLACE HAZARD INSURANCE. You authorize us, at our option, to obtain coverage on the Property in an amount not greater than the outstanding balance of principal and interest on the loan or, if known to be less, the replacement value of the Property, in the event that you fail to maintain the required hazard insurance outlined above or fail to provide adequate proof of its existence. You authorize us to charge you for the costs of this insurance and add the insurance charges to your loan. The Insurance charges will be added to the unpaid balance of the loan which accrues interest at the Contract Rate. The addition of the insurance charges due might increase the amount of your final installment. The cost of Lender placed hazard insurance might be higher than the cost of standard insurance protecting the property. The Lender placed insurance will not insure the contents of the property or provide liability coverage. The insurance might not be the lowest cost coverage of its type available and you agree that we have no obligation to obtain the lowest cost coverage. We or an affiliated company might receive some benefit from the placement of this insurance and you will be charged for the full cost of the premium without reduction for any such benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have subsequently purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums to your loan.

DEFAULT. If you don't pay on time or fail to keep any required insurance in force, or if permitted in the event of default under the Mortgage, (1) all your payments may become due at once and, (2) without notifying you before bringing suit, we may sue you for the entire unpaid balance of Principal and accrued Interest and (3) any judgment in our favor may include our reasonable attorney's fee and court costs as determined by the court. You agree that, should we obtain judgment against you, a portion of your disposable earnings may be attached or garnished (paid to us by your employer), as provided by Federal law. You agree to pay interest on any judgment at the Contract Rate.

CREDIT REPORTING AND CUSTOMER INFORMATION PRACTICES. If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen to telephone calls between you and our representatives in order to evaluate the quality of our service to you. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents.

INSURANCE. Optional credit insurance and any required insurance disclosures are attached to this Agreement and are incorporated herein by reference.

ALTERNATIVE DISPUTE RESOLUTION AND OTHER RIDERS. The terms of the Arbitration Agreement and any other Riders signed as part of this loan transaction are incorporated into this Agreement by reference.

APPLICABLE LAW. The terms and conditions of this Agreement will be governed by the laws of the Commonwealth of Massachusetts.

YOU HAVE RECEIVED A COMPLETE COPY OF THIS AGREEMENT AND THE TRUTH-IN-LENDING DISCLOSURES.

BORROWERS:
_____(SEAL)
_____(SEAL)
_____(SEAL)

WITNESS:
_____

05-06-02
1ST RE OPT PPP

MAB652A3