**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

CITIBANK, N.A., NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS TRUSTEE OF
NRZ PASS-THROUGH TRUST VI,

        *Petitioner*,

v.

NATHANIEL A. SMITH AND YOLANDA
TAYLOR,

        *Respondents*,

and

HOUSEHOLD FINANCE CORPORATION II,
FORD MOTOR CREDIT COMPANY LLC,
AND UNITED STATES INTERNAL
REVENUE SERVICE,

        *Parties-in-Interest.*

CIVIL ACTION NO. 1:21-cv-11445

---

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Petitioner, Citibank, N.A., not in its individual capacity, but solely as Trustee of NRZ Pass-Through Trust VI's ("Petitioner") is entitled to enforce a lost Loan Repayment and Security Agreement (the "Note") by foreclosing on the real property located at 9 Tucker Terrace, Randolph, Massachusetts (the "Property") because the undisputed facts establish (i) Respondents, Nathaniel A. Smith ("Smith") and Yolanda Taylor ("Taylor") originated the Note and corresponding mortgage (the "Mortgage") (together with the Note, the "Loan"), with Household Finance Corporation II ("Household"); (ii) Smith and Taylor defaulted on the Loan; (iii) Household acknowledged that it lost the Note; (iii) Household assigned the Loan to Petitioner; (iv) Household

authorized Petitioner to enforce the lost Note on its behalf; and (v) Petitioner is the mortgagee of record, thereby warranting this Court's entry of summary judgment in favor of Petitioner.

## II.     PROCEDURAL HISTORY

On or about September 2, 2021, Petitioner filed its Complaint in the above-captioned matter. (Compl., ECF No. 1.) Petitioner effectuated service on the following dates: (i) Nathaniel A. Smith and Yolanda Taylor on September 14, 2021, (ii) Ford Motor Credit Company LLC on September 20, 2021, (iii) the IRS on September 15, 2021. (Returns of Service, ECF Nos. 6-8; Affidavit of Service, ECF No. 18).

On October 7, 2021, this Court entered default against Nathaniel A. Smith and Yolanda Taylor. (Entry of Default, ECF Nos. 11-12.) On October 14, 2021, this Court entered default against Ford Motor Credit Company LLC. (Entry of Default, ECF No. 15.) On December 29, 2021, this Court entered default against the IRS. (Entry of Default, ECF No. 27.)

Furthermore, on or about October 14, 2021, HSBC Finance Corporation, successor by merger to Household Finance Corporation II filed a Disclaimer of Interest and consented to judgment in accord with Petitioner's request for relief in the Complaint. (Disclaimer, ECF No. 17).

## III.     ADMITTED FACTUAL ALLEGATIONS

Smith and Taylor own the Property via a quitclaim deed executed on December 14, 1999. (See Petitioner's Concise Statement of Facts in Support of its Motion for Summary Judgment, at ¶ 1 ("Facts, at ¶ __").) On or about September 25, 2002, Smith and Taylor granted the Note, secured by the Mortgage, in favor of Household. (Facts, at ¶¶ 2-3.) On October 23, 2014, Household executed a Lost Note Affidavit ("Affidavit"), confirming that Household was unable to locate the original Note following a diligent search of its records, including "the physical files and secure storage facilities where the original Note and other documents related to [this account]

1044280\309847098.v1

are maintained." (Facts, at ¶ 4.) The Affidavit further provided that the Note was not paid, satisfied, pledged, transferred or lawfully seized at the time it was lost. (*Id.*)

On or about January 5, 2018, Household assigned the Mortgage to Petitioner. (Facts, at ¶ 5.) Petitioner succeeded to all rights, title and interest in the Loan. (Facts, at ¶ 6.)

In January 2017, Smith and Taylor defaulted on the Loan. (Facts, at ¶ 8.) On or about March 17, 2017, Household mailed a notice of default to Smith and Taylor at the Property. (Facts, at ¶ 9.) Smith and Taylor, however, failed to cure their default. (Facts, at ¶ 10.) The current payoff for the Loan is $308,248.67. (*Id.*)

Household has authorized and authorizes Petitioner to act on its behalf in order to enforce the terms of the Loan, including foreclosure. (Facts, at ¶ 11.) Indeed, Household consents to judgment entering against it in accord with Petitioner's request for relief in the Complaint. (Facts, at ¶ 15.) Petitioner named as Parties-in-Interest the entities with recorded liens on the Property. (Facts, at ¶¶ 12-14.)

## IV.  STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also BAE Sys. Info. & Elecs. Sys. Integration, Inc. v. Spacekey Components, Inc.*, 752 F. 3d 72, 75 (1st Cir. 2014). An issue is "'genuine' if it can 'be resolved in favor of either party,' and a fact is 'material' if it 'has the potential of affecting the outcome of the case.'" *Perez-Cordero v. Wal-Mart Puerto Rico, Inc.*, 656 F.3d 19, 25 (1st Cir. 2011) (quoting *Calero-Cerzo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004)). Summary judgment should be granted unless the court determines the record is "sufficiently open-ended to permit a rational factfinder to resolve a

1044280\309847098.v1

material factual dispute in favor of either side." *Pierce v. Cotuit Fire Dist.*, 741 F.3d 295, 301 (1st Cir. 2014).

## V.  LEGAL ARGUMENT

### A.  The Facts in the Complaint are Deemed Admitted as to the Borrowers.

The Court has defaulted Borrowers for failure to file a response to this action, and as a result all fact allegations in the Complaint are admitted and must be taken as true for purposes of this summary judgment motion. *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985). Beyond Borrowers' default and the admission of all facts, this Court should enter judgment in favor of Petitioner on all counts, because the undisputed facts demonstrate Petitioner's authority to foreclose on a mortgage loan where the Note is lost. *Evans v. Mendonsa*, 11-cv-12121, 2015 US Dist. LEXIS 18083 at *7 (D. Mass. Feb. 12, 2015) (An uncontested claim must still be supported by an adequate factual record).

### B.  Petitioner is Authorized to Enforce the Note and Mortgage on Behalf of Household, the Note Holder.

The undisputed facts of this case demonstrate that Petitioner has the authority to enforce the terms and conditions of a mortgage loan despite a lost Note. Petitioner has submitted undisputed facts of the debt owed, that the Borrowers are liable for the debt, and that Petitioner is authorized to act on behalf of Household, the Note Holder. G.L. c. 106, § 3-309; *see also Zullo v. HMC Assets, LLC,* 25 LCR 400, 2017 Mass. LCR LEXIS 116 (June 22, 2017). Article 3 of the Uniform Commercial Code ("UCC"), adopted under the Massachusetts General Laws, governs the origination, transfer, and enforcement of negotiable instruments. G.L. c. 106, § 3-101 et. seq. According to the UCC, a "[p]erson entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to

4

section 3-309 or subsection (d) of section 3-418." *Id.* at § 3-301. The UCC further allows for the enforcement of a note even though the person is not the owner or is in wrongful possession of the instrument. *Id.* A person who is not in possession of the note is nonetheless entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument. *Id.* at § 3-309. The key to enforcement of the loss instrument under the UCC is that the person required to pay on the instrument is adequately protected against any loss that may occur by reason of another person seeking to enforce. *Id.*

Courts interpreting the UCC have concluded that an entity "acting on behalf of the note holder who was in possession of the Note at the time it was lost" may also enforce the Note. *Zullo v. HMC Assets, LLC,* 125 LCR 400 at *406; *see also Wilmington Savings Fund Society, FSB v. Marchi*, 1:17cv11673 (D. Mass. Dec. 20, 2018). In *Zullo*, a borrower challenged a mortgagee's standing to foreclose where the original note was lost by a predecessor in interest. The *Zullo* court, relying on UCC 3-309 and the agency principles articulated in the Massachusetts Supreme Judicial Court's decision *Eaton v. Fannie Mae*, 462 Mass. 569 (2012), concluded that a party seeking to enforce a lost note must demonstrate possession of the note at the time it was lost or that it is acting on behalf of the note holder who lost the note. *Id*. at *26, 28 (citing *Eaton*, 462 Mass. at 571 (The statutory power of sale in a mortgage may only be exercised by a "person or entity then holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder.")) The *Zullo* court initially denied enforcement of a lost note because the foreclosing entity "presented no evidence that [its predecessor] ever authorized [the foreclosing entity] to act on its behalf in enforcing the Note." *Id*. at *26. In a subsequent action between the *Zullo* parties, however,

5

the same Land Court judge authorized foreclosure based on the same lost note, where the foreclosing entity established that it was the "entity holding the equitable interest in the Note with authority to enforce it." *HMC Assets, LLC v. Zullo*, 20 MISC 00416 (RBF) (Mass. Land Ct. Dec. 1, 2020) (See copy of judgment attached hereto as <u>Exhibit A</u>). Indeed, the Land Court's reasoning is in line with *Eaton* because in that case the Massachusetts Supreme Judicial Court held that the Massachusetts foreclosure statutes (specifically, G.L. c. 244, §§ 11-17C and c. 183, § 21) permit one who "although not the note holder himself, acts as the authorized agent of the note holder, to stand in the shoes of the mortgagee." 462 Mass. at 586.

Furthermore, a different session of this Court authorized enforcement of a lost note under an identical factual scenario as the current case. *Wilmington Savings Fund Society, FSB v. Marchi*, 1:17cv11673, ECF No. 37 (D. Mass Dec. 20, 2018) (See copy of judgment attached hereto as <u>Exhibit B</u>). In *Marchi*, the Note in question was lost by Bank of America, N.A. ("BANA"). *Id*. BANA subsequently assigned the note and mortgage to the foreclosing entity, Wilmington Savings Fund Society, FSB ("Wilmington"). *Id*. The Court granted Wilmington authority "to enforce the Note despite its lack of possession of the original Note, which has been lost or mislaid" where it was "action on behalf of [BANA], the Note holder and is entitled to enforce the terms, conditions, and remedies provided for in those instruments..." *Id*.

This case is the same as *Marchi*. Here, the undisputed facts demonstrate that the Borrowers have defaulted on the Note and breached the terms of the Mortgage by failing to make regular monthly payments beginning in January 2017, that Household notified the Borrowers of the default in March of 2017 and that to date the Borrowers have has failed to cure the default. (Facts, at ¶¶ 11-13.) At present, the Borrowers owe approximately $308,248.67. (Facts, at ¶ 10.) The undisputed facts further demonstrate that Household lost the Note and that Petitioner is entitled to,

1044280\309847098.v1

and authorized to act on behalf of Household. Moreover, Household has, under oath, attested to the facts that it was in possession of the Note when it was lost, that loss of the Note was not as a result of a transfer or lawful seizure, and that despite its diligent efforts, Household cannot locate the original Note. (Facts, at ¶ 4.) Household has satisfied the elements of UCC 3-309 and is entitled to enforce the Note as a lost instrument under Massachusetts law. Finally, there is no dispute that Household has assigned the Mortgage to Petitioner. (Facts, at ¶ 5.) Household has authorized Petitioner to act on its behalf in order to enforce the terms of the Loan, including foreclosure. (Facts, at ¶ 11.) The reasoning of *Zullo* and *Eaton*, and the decision entered in *Marchi* demonstrate that this Court can should provide Petitioner with declaratory relief under Massachusetts law to enforce the terms of the Note and Mortgage.

### C. The Borrowers are Adequately Protected Against Multiple Enforcement Claims on the Note.

Massachusetts federal courts interpreting the UCC have opined on the purpose of Article 3's possession requirement: to "protect the Debtor from multiple enforcement claims on the same note." *See, e.g., Premier Capital, LLC v. Gavin*, 319 B.R. 27, 33 (1st Cir. 2004). Moreover, the UCC's demands under a lost note arise from ensuring adequate protection of the borrower: "The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means." G.L. c. 106, § 3-309. Here, there is no dispute on adequate protection because there is no risk of multiple enforcement claims for the Note against the Borrowers. Petitioner has named and served all entities that may have an interest in the Property and in the Note. The parties either failed to respond to the Complaint or executed a Disclaimer of Interest. Importantly, Household, which was in possession of the Note when it was lost, has

1044280\309847098.v1

assigned the Mortgage to Petitioner and provided it authority to act on Household's behalf in enforcing the terms of the Note. Thus, there is no danger that any entity other than Petitioner would attempt to enforce the Note and Mortgage. Accordingly, Petitioner should be granted the right to foreclose on its undisputed interest in the Property.

Further still, through the Lost Note Affidavit, Household has agreed to indemnify the Borrowers against any loss that might occur by reason of a claim by another person to enforce foreclosure under the Note. (Compl., ECF No. 1, Ex. C, at ¶ 9.) As a result, the Borrowers are adequately protected against any loss from another person seeking to enforce the Note. Finally, the purpose of this declaratory relief action is to secure a court order sufficient to enable foreclosure on the Property. Petitioner has not filed suit to collect any fees, funds or debt owed from the Borrowers and instead seeks declaratory relief and authorization to foreclose under Massachusetts law. Without this court order, Petitioner is unable to access the Property through foreclosure in compliance with Massachusetts law and obtain the security the Borrowers pledged in repayment of the debt. G.L. c. 244 § 35C. Where there is no dispute the Borrowers have defaulted on the Loan that Petitioner now holds, equity alone demands that Petitioner be granted the right to proceed with foreclosure on the Property.

The undisputed facts of this case demonstrate that Petitioner is entitled to enforce the Note and Mortgage. Therefore, this Court should enter judgment in favor of Petitioner and Order that it be entitled to foreclose on the Property.

## VI.    CONCLUSION

For the reasons set forth above, Petitioner respectfully requests that this Honorable Court grant its motion for summary judgment and enter judgment in accord with the proposed judgment attached as *Exhibit A* to Petitioner's motion.

1044280\309847098.v1

CITIBANK, N.A., NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS TRUSTEE
OF NRZ PASS-THROUGH TRUST VI
By: Its Attorneys

Dated: February 8, 2022

*/s/ Donald W. Seeley, Jr.*
Samuel C. Bodurtha, BBO #665755
Donald W. Seeley Jr., BBO #663568
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Phone: 617-213-7000
Fax: 617-213-7001
e-mail: sbodurtha@hinshawlaw.com
        dseeley@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Donald W. Seeley Jr., hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 8, 2022, and by first class mail to the following parties:

Yolanda Taylor
9 Tucker Terrace
Randolph, MA 02368

Nathaniel A. Smith
9 Tucker Terrace
Randolph, MA 02368

Agent or Person in Charge of Business
Ford Motor Credit Company LLC
c/o CT Corporate System
155 Federal Street, Suite 700
Boston, MA 02110

Civil Process Clerk
U.S. Attorney's Office
United States Federal Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

1044280\309847098.v1

HSBC Finance Corporation, Successor by Merger to
Household Finance Corporation II
The Corporation Trust Company,
Corporation Trust Center 1209 Orange Street
Wilmington, DE 19801

*/s/ Donald W. Seeley Jr.*        
Donald W. Seeley, Jr.

1044280\309847098.v1