UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A, Not in Its Individual Capacity, but Solely as Trustee of NRZ PASS-THROUGH VI,<br><br>    Petitioner,<br><br>    v.<br><br>NATHANIEL A. SMITH and YOLANDA TAYLOR,<br><br>    Respondents,<br><br>and<br><br>HOUSEHOLD FINANCE CORPORATION II, FORD MOTOR CREDIT COMPANY LLC, and UNITED STATES INTERNAL REVENUE SERVICE,<br><br>    Parties-in-Interest. | Civil Action No. 21-cv-11445-ADB |

## **MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

BURROUGHS, D.J.

    This case concerns a promissory note ("Note") and corresponding mortgage ("Mortgage") originated by Nathaniel Smith ("Smith") and Yolanda Taylor ("Taylor") (collectively, "Respondents") to secure the real property located at 9 Tucker Terrace, Randolph, Massachusetts (the "Property"). Petitioner Citibank, N.A., not in its individual capacity, but solely as Trustee of NRZ Pass-Through Trust VI ("Petitioner"), initially filed this lawsuit to obtain a court order declaring that it is entitled to enforce the terms of the Note and Mortgage. Currently before the Court is Petitioner's unopposed motion for summary judgment. [ECF No. 31]. For the reasons stated herein, the motion is GRANTED.

I.     **FACTUAL BACKGROUND**

Since Petitioner filed its motion for summary judgment on February 8, 2022, no party has opposed the motion or filed a responsive statement of material facts. The Court may therefore "consider the summary judgment motion unopposed, and take as uncontested all evidence presented with that motion." Pérez-Cordero v. Wal-Mart P.R., 440 F.3d 531, 533−34 (1st Cir. 2006); see Local Rule, D. Mass. 56.1 ("Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."). Accordingly, the following is taken from Petitioner's statement of facts and supporting evidence. [ECF No. 33 ("Pet. Facts")].

Smith and Taylor acquired the Property on or about December 14, 1999 via quitclaim deed. [Pet. Facts ¶ 1]. On September 25, 2002, they executed and granted the Note, secured by the Mortgage, in favor of Household Finance Corporation II ("Household"). [Id. ¶¶ 2–3]. Years later, on October 23, 2014, Household executed an affidavit stating that it had lost the Note, but that the Note had not been paid, satisfied, transferred, or lawfully seized. [Id. ¶ 4]. Household then executed, on January 5, 2018, an Assignment of Mortgage, which conveyed all of its rights, title, and interest in the Mortgage to Petitioner. [Id. ¶ 5; ECF No. 17 ¶¶ 3–4].

In January 2017, Smith and Taylor defaulted on their loan. [Pet. Facts ¶ 8]. Household sent Smith and Taylor a notice of default on or about March 17, 2017, [id. ¶ 9], but they have failed to cure their default, [id. ¶ 10]. The Mortgage's current payoff amount is $308,248.67. [Id. ¶ 10].

## II.  PROCEDURAL HISTORY

On September 2, 2021, Petitioner filed this lawsuit seeking a judgment that it is entitled to enforce the terms of the Note and Mortgage. [ECF No. 1]. Petitioner effectuated service on Smith and Taylor on September 14, 2021, [ECF Nos. 6–7], and the Court entered defaults against them on October 7, 2021, [ECF Nos. 11–12].[1] On October 14, 2021, HSBC Finance Corporation, successor by merger to Household, filed a Disclaimer of Interest that affirmed that (1) Household had transferred the Mortgage to Petitioner, (2) authorized Petitioner to enforce the terms of the Note, including foreclosure, and (3) consented to judgment being entered against it in accord with the requested relief. [ECF No. 17]. On February 8, 2022, Petitioner filed the instant motion for summary judgment. [ECF No. 31].

## III.  LEGAL STANDARD

A party's failure to oppose summary judgment is ordinarily "fatal to its case." Pérez-Cordero, 440 F.3d at 534. However, "[e]ven when faced with an unopposed motion for summary judgment, a court still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." Velez v. Awning Windows Inc., 375 F.3d 35, 42 (1st Cir. 2004). Summary judgment is appropriate where the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]n issue is 'genuine' if it 'may reasonably be resolved in favor of either party.'" Robinson v. Cook, 863 F. Supp. 2d 49, 60 (D. Mass. 2012) (quoting Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008)). "A fact is material if its resolution might affect the outcome of the case under the controlling law."

---

[1] Petitioner also effectuated service on interested parties Ford Motor Credit Company LLC ("Ford") and the United States Internal Revenue Service ("IRS"). [ECF Nos. 8, 24]. The Court has since entered defaults against both parties. [ECF Nos. 15, 27].

Cochran v. Quest Software, Inc., 328 F.3d 1, 6 (1st Cir. 2003) (citation omitted). Thus, "[a] genuine issue exists as to such a fact if there is evidence from which a reasonable trier could decide the fact either way." Id.

> To succeed in showing that there is no genuine dispute of material fact, the moving party must direct [the court] to specific evidence in the record that would be admissible at trial. That is, it must 'affirmatively produce evidence that negates an essential element of the non-moving party's claim,' or, using 'evidentiary materials already on file . . . demonstrate that the non-moving party will be unable to carry its burden of persuasion at trial.'

Ocasio-Hernández v. Fortuño-Burset, 777 F.3d 1, 4−5 (1st Cir. 2015) (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)).

When reviewing the record, the Court "must take the evidence in the light most flattering to the [non-moving party], indulging all reasonable inferences in that party's favor." Cochran, 328 F.3d at 6 (citation omitted). The First Circuit has noted that this review "is favorable to the nonmoving party, but it does not give him a free pass to trial." Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). "The factual conflicts upon which he relies must be both genuine and material," Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 397 (1st Cir. 2012), and the court may discount "conclusory allegations, improbable inferences, and unsupported speculation." Cochran, 328 F.3d at 6 (quoting Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## IV. DISCUSSION

Under Massachusetts law, the individuals who can enforce the terms of a promissory note are limited to, as relevant here, "'the person or entity [ ] holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder[.]'" Rice v. Wells Fargo Bank,

4

N.A., 2 F. Supp. 3d 25, 33 (D. Mass. 2014) (alterations in original) (quoting Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 571 (2012)).  Here, the record reflects that Household executed an Assignment of Mortgage conveying the Mortgage to Petitioner.  [Pet. Facts ¶ 5; ECF No. 34-5].  Petitioner therefore holds the Mortgage, and the only remaining question is whether, as Petitioner argues, it is authorized to act on behalf of Household, the note holder.[2]  See [ECF No. 32 at 4–7].  Other courts in this district have found "that an uncontested sworn statement by a mortgagee that it has the authority to act on behalf of a note holder is sufficient [to find such authority exists]."  Foregger v. Residential Credit Sols., Inc., No. 12-cv-11914, 2013 WL 3208596, at *11 (D. Mass. June 21, 2013); see also McAllister v. Countrywide Home Loans, Inc., No. 16-cv-10911, 2017 WL 1173925, at *13 (D. Mass. Mar. 29, 2017).  Petitioner easily clears that low hurdle as the note holder itself filed an affidavit expressly stating that Petitioner is "authorized . . . to act on [Household's] behalf in order to enforce the terms of the Note[.]"  [ECF No. 17 ¶ 5].  The Court thus finds that Petitioner holds the Mortgage and is authorized to act on behalf of the note holder.  Having met the requirements of state law, Petitioner is entitled to enforce the terms of the Note, including foreclosure.[3]

---

[2] The enforcement of negotiable instruments, including the Note at issue, is governed by Article 3 of the Uniform Commercial Code ("UCC"), which has been codified by the state legislature as Massachusetts General Laws ch. 106, § 3-101 *et seq*.  The UCC typically requires that an entity possess the instrument it seeks to enforce.   However, the UCC anticipates instances where, as here, a promissory note is lost, and provides that a person not in possession of an instrument is nonetheless entitled to enforce the instrument if, at the time of loss, they possessed the instrument and were entitled to enforce it.  Mass. Gen. Laws ch. 106, §§ 3-101, 3-309.  Here, Respondents executed the Note in favor of Household in September 2002, [Pet. Facts ¶¶ 2–3], and Household maintained possession of, and the power to enforce, the instrument at the time it was lost, see [id. ¶ 4].  Thus Household, or an entity acting on its behalf, is entitled to enforce the Note.

[3] While the Court is cognizant of the need to protect Respondents from multiple enforcement claims on the Note, Mass. Gen. Laws ch. 106, § 3-309; see Marks v. Braunstein, 439 B.R. 248, 251 (D. Mass. 2020), here that risk is nonexistent because Petitioner named all entities with a

V.  **CONCLUSION**

Accordingly, Petitioner's motion for summary judgment is GRANTED.

**SO ORDERED.**

July 18, 2022 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

potential interest in the Property or Note and the Court has already entered defaults against the other two entities, [ECF Nos. 15, 27 (entries of default against Ford and IRS, respectively)], and the third entity, Household, filed a disclaimer of interest, [ECF No. 17].

6